**UNITED STATES DISTRICT COURT**
**WESTERN DIVISION OF MICHIGAN**
**SOUTHERN DIVISION**

NATSHA STANLEY,

Plaintiff,

Case No.
Hon.

v

OFFICER DOUGLAS GRANDY

Defendant.

JAMES J. HARRINGTON, IV (P65351)
MILICA FILIPOVIC (P80189)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, Michigan 48075
P: (248) 355-5555/F: (248) 355-5148
j.harrington@fiegerlaw.com
m.filipovic@fiegerlaw.com

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, NATASHA STANLEY, by and through her attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for her Complaint and Jury Demand against the above-mentioned Defendant, hereby states as follows:

**JURISDICTION**

1. This action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions

of the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

2. This court has jurisdiction pursuant to 28 U.S.C. §1331, 1343(a)(3), 1343(a)(4) and 42 U.S.C. §1983.

3. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interests, costs and attorney fees.

## VENUE

4. Venue lies in the Western District of Michigan pursuant to 28 U.S.C. §1391(d), the events took place in the City of Grand Rapids, County of Kent, State of Michigan which is located within the jurisdiction of the Unted States District Court for the Western District of Michigan, Southern Division.

## PARTIES

5. At all times relevant to this lawsuit, Plaintiff, NATASHA STANLEY, resides in the City of Grand Rapids, County of Kent, State of Michigan.

6. At all times relevant hereto, Defendant, OFFICER DOUGLAS GRANDY (referred to hereinafter as "OFFICER GRANDY"), was a citizen of the State of Michigan and was acting under the color of state law within the

course and scope of his employment as a police officer for the City of Grand Rapids. He is named in this action in his individual capacity.

## GENERAL ALLEGATIONS

7. Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

8. On September 6, 2023, at approximately 4:00 PM, NATASHA STANLEY, was contacted by her daughter, who was working at the McDonald's restaurant located at 1246 Leonard Street NE, Grand Rapids, Michigan, and advised Plaintiff, that an irate customer was assaulting employees at the restaurant.

9. At all times relevant hereto, Plaintiff, NATASHA STANLEY, went to McDonald's restaurant for the purpose of assisting her daughter and to obtain police assistant concerning the irate customer.

10. At all times relevant hereto, Plaintiff, NATASHA STANLEY, waited at McDonald's for approximately forty (40) minutes while waiting for law enforcement officers to arrive.

11. At all times relevant hereto, Plaintiff NATASHA STANLEY observed a marked police vehicle traveling through the drive-through and

approached the vehicle to advise the officer that assistance was needed at the restaurant.

12. At all times relevant hereto, Defendant OFFICER GRANDY exited his patrol vehicle and instructed Plaintiff, NATASHA STANLEY, to place her hands behind her head.

13. At all times relevant hereto, Plaintiff complied with Defendant GRANDY's command and placed her hands behind her head.

14. At all times relevant hereto, Defendant OFFICER GRANDY grabbed and held Plaintiff NATASHA STANLEY's arms while her hands were positioned behind her head.

15. At all times relevant hereto, Defendant OFFICER GRANDY grabbed her arm with the intention of placing her under arrest and yanked her arm forcefully slamming her onto the ground.

16. At all times relevant hereto, at no point in the time did Defendant OFFICER GRANDY announce to Plaintiff that she was going to be placed under arrest when he grabbed her arm, forcefully yanked her to the ground, resulting in a labral tear of right shoulder.

17. At all times relevant hereto, Plaintiff NATASHA STANLEY put her hands behind her head and was otherwise complying with Defendant OFFICER GRANDY's commands.

18. At no point did Plaintiff, NATASHA STANLEY, pose a threat to herself, others, or Defendant OFFICER GRANDY.

19. At no point did Plaintiff, NATASHA STANLEY harm herself, others, or Defendant OFFICER GRANDY.

20. At no point did Plaintiff, NATASHA STANLEY, become a risk to herself, others, or Defendant OFFICER GRANDY.

21. At all times relevant hereto, Defendant OFFICER GRANDY's actions towards Plaintiff, NATASHA STANLEY, were excessive, unnecessary, and objectively unreasonable.

22. At all times relevant hereto, Plaintiff NATASHA STANLEY, was arrested and charged with resisting and obstructing and officer and assault and battery.

23. At all times relevant hereto, Plaintiff NATASHA STANLEY, had not assaulted and battered anybody, nor did she resist, assault or obstruct an officer.

24. At all times relevant hereto, the charges against Plaintiff, NATASHA STANLEY, were dismissed.

25. At all times relevant hereto, Defendant, OFFICER GRANDY did not have probable cause to make an arrest.

26. At all times relevant hereto, Defendant violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force as guaranteed by the Fourth Amendment incorporated to the state through the Fourteenth Amendment of the United States Constiution.

**COUNT I: 42 U.S.C § 1983**
**VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS**
**EXCESSIVE FORCE AND WRONGFUL ARREST**
**OFFICER DOUGLAS GRANDY**

27. Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

28. At all times relevant hereto, Defendant, OFFICER GRANDY, was acting under the color of state law and in his capacity as an Officer for the City of Grand Rapids Police Department and his acts and/or omissions were conducted within the scope of his official duties and employment.

29. Plaintiff, NATASHA STANLEY, had the clearly established right under the Fourth and Fourteenth Amendments to be free from excessive force, unlawful detention, and wrongful arrest as guaranteed by the Fourth Amendment incorporated to the states through the Fourteenth Amendment of the United States Constitution.

30. Plaintiff, NATASHA STANDLEY, had the clearly established right under the Fourth and Fourteenth Amendments to be free from a wrongful arrest.

31. Under all the circumstances known to Defendant, OFFICER GRANDY, the physical force used against Plaintiff, NATASHA STANLEY, was objectively unreasonable and clearly excessive.

32. Plaintiff, NATASHA STANLEY, was grabbed, yanked, and slammed onto the ground forcefully, resulting in serve injuries, for an altercation she had no part of, after seeking police assistance for a disturbance involving her daughter, and posing no threat to Defendant, OFFICER GRANDY, or the public, and that by being grabbed, yanked, and slammed to the ground, causing injury, Defendant OFFICER GRANDY, violated Plaintiff, NATASHA STANLEY's clearly established right to be free from unnecessary force, unreasonable force, and excessive force pursuant to the Fourth and Fourteenth Amendments of the United States Constiution.

33. At all times relevant hereto, Plaintiff NATASHA STANLEY did not pose a threat to the safety of Defendant OFFICER GRANDY.

34. At all times relevant hereto, Plaintiff, NATASHA STANLEY, had not committed a crime, was not engaged in the commission of a crime, and was not about to commit a crime.

35. The misconduct of Defendant, OFFICER GRANDY, directly and proximately caused Plaintiff, NATASHA STANLEY, to suffer numerous injuries including, but not limited to:

a. Right shoulder labral tear;

b. Right shoulder pain;

c. Back Pain;

d. Pelvic Pain;

e. Abdominal Pain;

f. Pain and Suffering;

g. Concussion;

h. Headaches;

i. Mental Anguish;

j. Emotional Distress;

k. Fright and shock;

l. Humiliation and/or Mortification;

m. Economic Loss;

n. Punitive Damages;

o. Exemplary Damages;

p. Attorney's fees and costs pursuant to 42 U.S.C. §1988;

q. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

r. Any other damages allowed by law.

36. The acts and/or omissions of Defendant OFFICER GRANDY were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff, NATASHA STANLEY. Plaintiff therefore requests award of punitive and exemplary damages.

**WHEREFORE**, Plaintiff, NATASHA STANLEY, respectfully request this Honorable Court enter a judgment in their favor against Defendant and award an amount in excess of seventy-five thousand ($75,000.00) Dollars, exclusive of costs, interest, and attorney fees as well as an award of punitive damages.

Respectfully Submitted,
***Fieger, Fieger, Kenney & Harrington, P.C.***

By: *Milica Filipovic*
MILICA FILIPOVIC (P80189)
Attorneys for Plaintiff
19390 West 10 Mile Road
Southfield, MI 48075
P: (248) 355-5555 / F: (248) 355-5148
m.filipovic@fiegerlaw.com

September 8, 2026